**BILLIE L.M. ADDLEMAN, #6-3690**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
1720 Carey Ave., Suite 400
Cheyenne, WY 82003-1083
(307) 632-0541
(307) 632-4999 (Fax)
baddleman@hirstapplegate.com
twoodford@hirstapplegate.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2023 JUL 25 PM 3:44

MARGARET FORTIUS, CLERK
CHEYENNE

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | | |
|---|---|---|
| GENESIS ALKALI, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil Action No. 23 cv 131-S |
| UNITED STEEL, PAPER AND FORESTRY, | ) | |
| RUBBER, MANUFACTURING, ENERGY, | ) | |
| ALLIED INDUSTRIAL AND SERVICE | ) | |
| WORKERS INTERNATIONAL UNION, | ) | |
| LOCAL 13214, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Genesis Alkali, LLC ("Genesis") hereby files this Complaint for declaratory relief against defendant United Steel, Paper And Forestry, Rubber, Manufacturing, Energy, Allied Industrial And Service Workers International Union, Local 13214 (the "Union") pursuant to 28 U.S.C. §2201 and Fed. R. Civ. P. 57. Genesis alleges as follows:

### PARTIES

1.        Genesis Operates the world's largest natural soda ash mine and production site in Green River, Wyoming.

2.        The Union is a labor organization which represents certain Genesis employees in collective bargaining.

## JURISDICTION AND VENUE

3.        This is an action brought pursuant to 28 U.S.C. §2201 for declaratory judgment. Federal question jurisdiction exists under 28 U.S.C. §1331, 28 U.S.C § 2201, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

4.        Venue is proper in the District of Wyoming pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Wyoming, and pursuant to 29 U.S.C. § 185.

## NATURE OF THE ACTION

5.        Genesis is seeking a declaratory judgment that an alleged grievance raised by the Union does not fall under the parties' collective bargaining agreement ("CBA"), the grievance and arbitration provisions contained therein, and is not arbitrable.

6.        Specifically, the Union has filed an alleged grievance under the CBA alleging "unfair, disparaging and disparate treatment of union members under company policy." The alleged grievance relates to comments made by a supervisor to a bargaining unit employees, which comments resulted in no discipline or adverse employment consequences to the bargaining unit employees.

7.        As a remedy, the Union seeks to hold the supervisor "accountable."

8.        A declaratory judgment from this Court is necessary because Genesis and the Union dispute whether the issue is arbitrable under the CBA and the Union has threatened to file an unfair labor practice charge with the National Labor Relations Board if Genesis does not process the grievance. This being the appropriate venue to adjudicate rights under a collective bargaining agreement, Genesis seeks a resolution from this Court that it is not required to process or arbitrate the dispute in question.

## FACTS

### *The Collective Bargaining Agreement*

9.      Genesis, including its predecessor companies, and the Union, have been party to the CBA for decades.

10.      The current CBA is effective July 1, 2019 until 12:01 a.m. July 1, 2024. *See* Exhibit 1, Section XXVIII.

11.      The CBA contains a Grievance Procedure and Arbitration Procedure setting forth the applicable procedures for administering a "grievance" as that term is defined by the CBA. *See* Exhibit 1, Section XIX and Section XX.

12.      The CBA defines "grievance" as "[a]ny dispute originating out of a complaint by the Union or an employee against the Company *in the interpretation of any provisions of this Agreement, or as to facts calling for the application thereof*...." Exhibit 1, Section I.

13.      The CBA does not define "grievance" as any violation of "company policy."

### *The Alleged Grievance*

14.      The Union alleges that, on or around May 18, 2023, Supervisor Oscar Lujan told bargaining unit employees to "stop sucking pee-pee's" of managers (who were visiting the mine) and to get to work.

15.      This alleged comment was never reported by any bargaining unit employee or union representative at or near the time the alleged conversation took place.  Further, the comment was not reported in either of the calls to Genesis' hotline, made near the time of this incident.

16.      Neither Lujan nor any member of management issued any discipline to bargaining unit employees related to the alleged comment.

17.      No bargaining unit employee suffered any adverse employment consequence as

a result of the alleged remark made by Lujan.

18.     This comment was the basis for the Union's alleged grievance at issue in this Complaint.

19.     Prior to filing its grievance, the Union raised two complaints about Lujan pursuant to Genesis' ethics hotline policy, a company dispute resolution procedure that is not negotiated and not part of the CBA.

20.     The hotline complaints alleged harassment and discrimination based on Lujan's alleged comment to bargaining unit employees.

21.     The Company investigated the allegations consistent with its hotline policy process.

22.     During the Company's investigation of the hotline complaints, the Union made clear that it was complaining of Lujan's conduct, which it believed was in violation of the Company's policies.

23.     Lujan is a supervisor who is not covered by the parties' CBA.

24.     The Union was dissatisfied with Genesis' resolution of the hotline complaint.

25.     Thereafter, the Union filed the attached "grievance" further challenging the Company's hotline resolution. *See* Exhibit 2.

26.     The "grievance" alleged "unfair, disparaging and disparate treatment of union members under company policy." *Id.*

27.     Under "Remedy Requested" the Union stated "cease and desist, hold Oscar Lujan accountable for his actions." *Id.*

28.     The alleged grievance does not identify any provision of the CBA that was violated. *Id.*

29.     Instead, the alleged grievance argues the conduct was a violation of "company policy."

30.     Genesis explained to the Union that the alleged grievance was not substantively arbitrable, as the subject matter of the grievance was not covered by the CBA.

31.     Specifically, a supervisor's alleged violation of non-bargained company policies, is not arbitrable under the CBA.

32.     In response, the Union threatened to file an unfair labor practice charge with the National Labor Relations Board if the Company did not process the grievance under the contract's grievance and arbitration provision.

## COUNT I: DECLARATORY JUDGMENT

33.     Genesis realleges paragraphs 1 through 32 as if stated herein.

34.     An actual controversy exists between Genesis and the Union relating to the arbitrability of the Union's alleged grievance.

35.     Genesis is required to process and arbitrate grievances over only those issues that require interpretation of any provision of the CBA, or involving facts that call for application of the CBA.

36.     The Union's alleged grievance did not, nor could it, identify any provision of the CBA that was allegedly violated.

37.     No provision of the CBA addresses the issue of remarks from a supervisor to a bargaining unit employee that do not result in any discipline or adverse employment consequence to the bargaining unit employee.

38.     Indeed, a supervisor's alleged violation of non-bargained company policies, is not covered under the CBA.

39.     No provision of the CBA reflects an agreement by Genesis and the Union to grieve

or arbitrate comments or treatment from a supervisor to bargaining unit employees that do not result in any discipline or adverse employment consequence to the bargaining unit employee, but rather are alleged violations of non-bargained company policies.

40.     Requiring Genesis to process the alleged grievance and arbitrate this issue would be contrary to the Agreement, applicable law (including Section 301 of the Labor Management Relations Act, 29 U.S.C. §185), and public policy.

41.     Genesis therefore seeks a declaration from this Court of the parties' respective rights and obligations under the CBA and, specifically, that Genesis has no obligation to process or arbitrate the alleged grievance.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Genesis Alkali, LLC respectfully requests that this Court enter such orders:

A.     Declaring that the Union's alleged grievance concerning Supervisor Oscar Lujan does not require interpretation and application of the CBA and is thus outside the scope of the grievance and arbitration procedures of the CBA;

B.     Declaring that Genesis is not obligated to and cannot be required to process or arbitrate the alleged grievance; and

C.     Granting such other and further relief that the Court deems equitable and just.

**DATED:** July 25, 2023

- 6 -

GENESIS ALKALI, LLC, Plaintiff

BY: _____

**BILLIE L.M. ADDLEMAN, #6-3690**
**TYSON R. WOODFORD, #8-6650**
Hirst Applegate, LLP
1720 Carey Ave., Suite 400
Cheyenne, WY 82003-1083
(307) 632-0541
(307) 632-4999 (Fax)
baddleman@hirstapplegate.com
twoodford@hirstapplegate.com

**KENNETH J. YERKES** (*pro hac vice pending*)
**THOMAS C. PAYNE** (*pro hac vice pending*)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
(317) 236-1313
(317) 231-7433 (Fax)
ken.yerkes@btlaw.com
thomas.payne@btlaw.com